## Austin WATKINS v. STATE. (No. 12011.)

Court of Criminal Appeals of Texas. Jan. 9, 1929.

G. C. Lowe, of Woodville, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The offense is robbery; punishment fixed at confinement in the penitentiary for a period of five years.

By proper affidavit of the sheriff of Tyler county, it is made to appear that on the 16th day of December, 1928, pending his appeal to this court, the appellant made his escape; that he has not since voluntarily returned but is still at large. By article 824, C. C. P. 1925, upon the facts stated, it is imperative that there be a dismissal of the appeal. The state has made a motion to that effect. See Mitchell v. State (Tex. Cr. App.) 300 S. W. 60; Miller v. State (Tex. Cr. App.) 9 S. W.(2d) 1039.

The appeal is dismissed.

## Carl WATKINS v. STATE. (No. 12010.)

Court of Criminal Appeals of Texas. Jan. 9, 1929.

G. C. Lowe, of Woodville, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Conviction is for robbery, punishment being five years in the penitentiary.

It is made known to the court that pending appeal appellant was confined in the jail of Tyler county in custody of the sheriff; that appellant escaped from jail on the 16th day of December, 1928, and was still at large on the 3d day of January, 1929. Under the provisions of article 824, C. C. P., this court has lost jurisdiction of the case by reason of such escape, and on motion of the state's attorney the appeal is dismissed.

## L. J. & DOCIE ANDERS v. N. C. COOK. (No. 1745.)

Court of Civil Appeals of Texas. Beaumont. Dec. 13, 1928.

R. M. Lively, of Canton, for appellant.
Sanders, West & Stanford, of Canton, for appellee.

O'QUINN, J. This is an appeal from a judgment in appellee's favor on a vendor's lien note and foreclosing the lien on certain land. Appellee has filed a motion to dismiss the appeal for want of prosecution. Fundamental error having been suggested, we will not dismiss the appeal, but will search the record for fundamental error. A careful inspection of the record failing to disclose fundamental error, the judgment should be affirmed; and it is so ordered.

Affirmed.